IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SFL+A ARCHITECTS, PA, ) | Civil Action No.: 4:13-cv-03071-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARLBORO COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the motion to dismiss of Defendant Marlboro County School District, filed on December 10, 2013. Mot. to Dismiss, ECF No. 9. Plaintiff SFL+A Architects, P.A., filed a response in opposition to the motion. Memo. in Opp. to Mot. to Dismiss, ECF No. 12. Defendant filed a reply. ECF No. 14. The parties argued the motion at a hearing on August 19, 2014.[1] After considering the arguments presented by the parties—both in their briefs and at the hearing—the Court grants Defendant's motion to dismiss.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, which provided architectural and design services for the construction of Defendant's Blenheim Elementary/Middle School, filed this breach of contract and quantum meruit action on November 12, 2013. Plaintiff's principal place of business is in Cumberland County, North Carolina. Defendant is located in Marlboro County, South Carolina. Plaintiff seeks additional compensation in the amount of $690,785.88 for extended architectural services when the project was not completed on schedule. Plaintiff seeks to invoke the Court's subject-matter jurisdiction based on the diversity of citizenship between the parties. *See* 28 U.S.C. § 1332.

---

[1] The hearing date had been postponed several times at the request of counsel.

1

On December 10, 2013, Defendant filed a motion to dismiss for lack of subject-matter jurisdiction and improper venue pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure, respectively. First, Defendant asserts that the Court lacks diversity jurisdiction under § 1332 because Defendant is a state entity—not a "citizen" of the State of South Carolina—and, accordingly, this action is not "between citizens of different states." Alternatively, Defendant contends that the action must be dismissed pursuant to the forum-selection clause of the parties' contract, which requires that any judicial action arising out of or relating to the agreement must be brought in the Court of Common Pleas for Marlboro County, South Carolina. Because Defendant's alternative basis for dismissal does not touch on the merits of Plaintiff's claims, it is not necessary for the Court to decide, initially, whether it has subject-matter jurisdiction. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422 (2007). For that reason, the Court first turns to Defendant's invocation of the contract's forum-selection clause, a more readily determinable analysis under these facts.

## DISCUSSION

It is undisputed that the contract giving rise to this action includes a forum-selection clause. Defendant maintains, in its motion under Rule 12(b)(3), that this action should be dismissed under the clause. In pertinent part, that clause provides that "the judicial venue for any suit, action, or proceeding arising out of or relating to the Agreement shall be proper only in the Court of Common Pleas for Marlboro County, State of South Carolina." Plaintiff, however, asserts that this Court is the proper venue in which to bring this action regardless of the forum-selection clause. While Plaintiff is not incorrect in pointing out that venue is proper, the forum-selection clause, for the following reasons, still compels the dismissal of the action.

As an initial matter, the Court must note that a mere seven days before Defendant filed its motion, the United States Supreme Court published its decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct. 568 (2013).  At the August 19 hearing, both parties agreed that several holdings of the Supreme Court in *Atlantic Marine* are critical to this motion.  Neither party, however, cited the case in their initial briefs.  Indeed, Defendant first noted the decision in its February 3, 2014 reply brief.  As a result of *Atlantic Marine*, therefore, the parties' arguments, by the time the motion was heard, had evolved.  While Defendant first argued that the parties' forum-selection clause was valid under federal law, *see M/S Bremen v. Zapata Offshore, Inc.*, 407 U.S. 1 (1972), it later emphasized in its reply brief that the doctrine of *forum non conveniens* compelled dismissal of the action in light of *Atlantic Marine*.  And while Plaintiff initially argued in its response brief that the forum-selection clause should not be construed so as to trump state venue law and exclude federal jurisdiction, it later argued that Defendant's motion to dismiss should be denied because it was brought pursuant to Rule 12(b)(3) and not the doctrine of *forum non conveniens* as required by *Atlantic Marine*.  The Court agrees that *Atlantic Marine* is critical to this motion.

In *Atlantic Marine*, the Supreme Court made clear that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*"—by filing a motion to dismiss. 134 S. Ct. at 580.  The Court adjusted the common law *forum non conveniens* analysis in the context of valid forum-selection clauses.  Under the adjusted analysis, "[o]nly . . . extraordinary circumstances unrelated to the convenience of the parties" will justify the denial of a motion to dismiss pursuant to the doctrine of *forum non conveniens*. *Id.* at 581.  This adjusted analysis, of course, "presupposes a contractually valid forum-selection clause."

3

*Id.* at 583 n.5. But because Plaintiff conceded at the hearing that the parties' forum-selection clause is valid under *M/S Bremen*, the Court need not stray into a determination of the clause's validity.

Plaintiff, instead, argues that Defendant's motion under Rule 12(b)(3), asserting improper venue, must be denied because venue is in fact proper under 28 U.S.C. § 1391.[2] In essence, Plaintiff, citing *Atlantic Marine*, contends that Defendant asserted the wrong *mechanism* for enforcing the forum-selection clause. The argument, however, fails to do justice to the reality that, only seven days earlier, the controlling precedent in the Fourth Circuit required that "motion[s] to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Furthermore, Defendant's initial argument in its motion to

---

[2] In its response brief, Plaintiff argued that the enforcement of the forum-selection clause would contravene a strong public policy of South Carolina in light of S.C. Code Ann. § 15-7-120(A), a venue statute. In *Atlantic Floor Services, Inc. v. Wal-Mart Stores, Inc.*, 334 F. Supp. 2d 875 (D.S.C. 2004), this Court previously addressed the implications of that venue statute in determining the enforceability of forum-selection clauses in South Carolina. That statute provides as follows:

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

S.C. Code Ann. § 15-7-120(A). This Court concluded that the statute applies to intra-state forum-selection clauses and, by extension, to judicial actions initiated in state court. The Court noted that the "referenced statute is the last section of the South Carolina Code chapter dealing with proper venue of actions brought in South Carolina State Courts." *Id.* at 879. In other words, the statute "deals exclusively with proper venue among the various counties in South Carolina" in actions filed in state court. *Id*. Section 15-7-120(A) might prevent, and evidence a policy against, enforcement of a forum-selection clause which required that a state court action be brought in a county other than as provided in the state venue statutes. The statute has no application to the present case and certainly does not support the conclusion that there is a strong public policy against enforcement of forum-selection clauses. Significantly, the forum-selection clause in the instant case contractually mandates a suit initiation location exactly where one might expect, that is, the court where Defendant is located—Marlboro County.

4

dismiss, although not specifically citing the doctrine of *forum non conveniens*, addresses the contract's clause and the reasons for enforcing it.  Finally, the parties fully addressed every issue now before the Court at the hearing.  Indeed, the Supreme Court's reason for holding that Rule 12(b)(3) was not the proper mechanism to enforce a forum-selection clause was simply because it conflates the concept of *venue* under § 1391 with the concept of *forum* (venue, logically, is not improper when it *is* proper).  *See Atlantic Marine*, 134 S. Ct. at 577.  Here, Defendant does not dispute that the Florence Division of the District of South Carolina is the proper *federal venue* for this action.  The parties, by way of their forum-selection clause, however, have specifically designated the Court of Common Pleas in Marlboro County—the proper *state venue*—as the exclusive forum.  Denying Defendant's motion simply on the basis of a technicality (cured by the hearing) would ignore the substance of its argument and lead to too harsh of a result under the circumstances.  Plaintiff was, of course, on sufficient notice that Defendant intended to enforce its bargained-for rights under the contract.

Plaintiff, again, does not challenge the validity of the forum-selection clause.  So with that threshold determination aside, the Court must address whether, pursuant to the clause, this action should be dismissed under *Atlantic Marine*'s adjusted analysis for considering a motion to dismiss on *forum non conveniens* grounds.  Plaintiff argues in response that, even under a *forum non conveniens* analysis, dismissal of this action is not appropriate because there is no meaningful difference under the analysis between this Court's diversity jurisdiction and the Court of Common Pleas in Marlboro County.  Indeed, "[i]n the typical case not involving a forum-selection clause, a district court considering a . . . *forum non conveniens* motion[] must evaluate both the convenience of the parties and various public-interest considerations." 134 S. Ct. at 581.  Certainly, without a forum-selection clause, Plaintiff would be on solid ground.  "The calculus changes, however, when

5

the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.' " *Id.* (citation omitted).

Where there exists a valid forum-selection clause, a district court's usual *forum non conveniens* analysis is adjusted in two significant ways. *Id.* First, courts may accord no weight to the plaintiff's chosen forum. "[W]hen a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* at 582. "Second, a court evaluating a defendant's [*forum non conveniens* motion] based on a forum-selection clause should not consider arguments about the parties' private interest." *Id.* The Supreme Court stated that the parties, in agreeing to a forum-selection clause, "waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation," and the court "must deem the private-interest factors to weight entirely in favor of the preselected forum." *Id.* Thus, only the public interest factors remain. Those factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 581 n.6 (alterations in original). As the Court in *Atlantic Marine* noted, "those factors will rarely defeat [the] motion, [and thus as a] practical result [the] forum-selection clause[] should control except in unusual cases." *Id.* at 582. To the extent the public-interest factors have application in this case, the Court finds that they militate in favor of the forum designated in the parties' clause.

Plaintiff points to no public interests that would overcome the parties' designated forum, and this Court cannot conceive of any on its own. A South Carolina court in Marlboro County is no less competent or convenient than this Court in presiding over questions of South Carolina law. In the

6

end, the Court is guided by the strong federal policy, expressed in and reinforced by *Atlantic Marine*, favoring the enforcement of valid forum-selection clauses. "[C]ourts should not unnecessarily disrupt the parties' settled expectations." *Id.* at 583. The contract at issue in this case was explicitly modified from an American Institute of Architects template to include the designated forum, and that decision, "after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place." *Id.* The circumstances here do not give rise to the unusual scenario, in which public interests prevent the Court from "holding [the] parties to their bargain." *Id.* Dismissal of this action under the doctrine of *forum non conveniens* is, therefore, appropriate, and consequently, the Court need not determine whether it has subject-matter jurisdiction. *See Sinochem*, 549 U.S. at 436 ("[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.").

## CONCLUSION

For the foregoing reasons, **IT IS THERFORE ORDERED** that Defendant Marlboro County School District's motion to dismiss (ECF No. 9) is **GRANTED** and that Plaintiff's complaint is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

August 28, 2014  
Florence, South Carolina